UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-20603-CR-COOKE

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ABDUL ALANI,

Defendant.
_______________________________________/

**REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

Mr. Alani respectfully submits this reply to the United States' Response in Opposition to Mr. Alani's motion seeking compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A).

The United States argues, *inter alia*, that compassionate release is not appropriate as Mr. Alani has not exhausted administrative remedies. In essence, the Federal Detention Center (FDC) in Miami received his petition and denied it, apparently because they deemed (erroneously) that he was charged and convicted of terrorist act. He was not. Mr. Alani concedes that did not seek an appeal and theoretically he has not exhausted that administrative remedy, however, this failure should be excused. At least one other court in this district has held:

> Although § 3582(c)(1)(A) plainly imposes an administrative exhaustion requirement, the United States Supreme Court has held that, even in such circumstances, an exception exists where "the interests of the individual weigh heavily against requiring administrative exhaustion." *See McCarthy v. Madigan*, 503 U.S. 140, 146 (1992); *see also Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019) ("Even where exhaustion is

> seemingly mandated by statute . . . , the requirement is not absolute."). One such exception exists where "requiring resort to the administrative remedy may occasion undue prejudice to subsequent assertion of a court action. Such prejudice may result, for example, from an unreasonable or indefinite timeframe for administrative action." *McCarthy*, 503 U.S. at 146–47 (1992).

*United States v. William Minor*, Case No. 18-80152-Cr-Middlebrooks, S.D.Fla. April 17, 2020(Middlebrooks, J.). The court went on to observe:

> "The COVID-19 is a highly contagious virus that can be spread even by asymptomatic carriers. The virus is "spread mainly from person-to-person . . . [b]etween people who are in close contact with one another . . . [t]hrough respiratory droplets produced when an infected person coughs or sneezes." "Courts around the country have recognized that the risk of COVID-19 to people held in jails and prisons 'is significantly higher than in the community, both in terms of risk of transmission, exposure, and harm to individuals who become infected.'" *See United States v. Williams,* 2020 WL 1751545, at *2 (N.D. Fla. Apr. 1, 2020) (quoting *Basank v. Decker*, --- F. Supp. 3d ---, 2020 WL 1481503, at *3 (S.D.N.Y. March 26, 2020), and citing *United States v. Harris*, --- F. Supp. 3d ---, 2020 WL 1503444, at ¶ 7 (D.D.C. Mar. 27, 2020)); *United States v. Campagna*, 2020 WL 1489829, at *2 (S.D.N.Y. Mar. 27, 2020); *Castillo v. Barr*, 2020 WL 1502864, at *2 (C.D. Cal. Mar. 27, 2020); *United States v. Kennedy*, 2020 WL 1493481, at *2-3 (E.D. Mich. Mar. 27, 2020); *United States v. Garlock*, 2020 WL 1439980, at *1 (N.D. Cal. Mar. 25, 2020)).
>
> I find that given this unprecedented virus, it would unduly prejudice the Defendant to require him to exhaust administrative remedies. Each day that Defendant spends in confinement, he is at a heightened risk of contracting the COVID-19 virus. Delaying a ruling on Defendant's motion until such time as the Bureau of Prisons can consider his circumstances and take action would be unreasonable and would expose Defendant to unneccesary risk. Accordingly, I find that it is appropriate to allow Defendant to proceed despite his failure to exhaust administrative remedies." (footnotes omitted).

*United States v. William Minor*, Case No. 18-80152-Cr-Middlebrooks, S.D.Fla. April 17, 2020(Middlebrooks, J.). See also, *United States v. Donald Platten*, Case No. 08-80148-Cr-Middlebrooks, S.D. Fla. April 17, 2020 (Middlebrooks, J.); *United States v. Martha Lima*, Case No. 16-20088-Cr-Scola, S.D. Fla. May 11, 2020 (Scola, J.)(because of the unprecedented pandemic combined with Lima's high risk of severe illness or death due to her advanced age and severe medical conditions, resorting to the administrative remedy may occasion undue prejudice. Every day that Lima spends in prison, she is at risk of contracting COVID-19 and subsequently dying from the disease.); *United States v. Alexandre Slavkovic*, Case No. 16-20703-Cr-Gayles, S. D. Fla. May 12, 2020 (Gayles, J.).

The United States also argues that the defendant has not demonstrated extraordinary and compelling reasons. The COVID-19 pandemic continues to pose a substantial threat to individuals across this country, with thousands of Americans dying each week.[1] And while the Federal Detention has not seen the number of infected inmates that other institutions have seen, as recently as May 31, 2020, FDC Miami has confirmed at least 2 inmates who have tested positive, 36 inmates who have been quarantined with 4 inmates in isolation. BOP: COVID-19 Update. That number is likely to increase.

Mr. Alani, who is 60 years old man and who has provided medical records to show that he is particularly susceptible to bronchitis and other lung related illnesses, would be at a higher risk of serious illness or death if he were to contract the virus. There is no way for the BOP to provide sufficient safeguards in order to allow Mr. Alani to maintain

[1] *See CDC, Coronavirus Disease 2019 (COVID-19), Provisional Death Counts for Coronavirus Disease,* April 17, 2020, https://www.cdc.gov/coronavirus/2019-ncov/prepare/transmission.html.

sufficient distancing in a confined prison. *Supra.* Furthermore, he has not been designated to FDC Miami and as such, if transported, his risk is heightened further.

Meanwhile, Mr. Alani is not charged with a crime of violence, he is not a danger to the community, and has a supportive family that where he can easily complete his sentence in home confinement. He can be released to his home where he would not be at heightened risk, he could easily be monitored with an electronic monitoring device if necessary and could be supervised by a United States Probation Officer.

As such, Mr. Alani, for the above reasons and the reasons previously stated in his motion, respectfully requests this court resentence him to time served and 24 months in home confinement, followed by a term of supervised release.

CELESTE SIBLESZ HIGGINS, ESQ.
***/s/Celeste S. Higgins***
Florida Bar No. 909718
1001 Brickell Bay Drive, Suite 1200
Miami, Florida 33131
Tel: (786) 643-8263
E-Mail: celeste@chigginslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2020, undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

***/s/Celeste S. Higgins***